**De Ren YANG, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–70064.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 7, 2004.

Decided May 21, 2004.

Baolin Chen, Portland, OR, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Linda S. Wendtland, Esq., Frances M. McLaughlin, DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before: SILVERMAN and CLIFTON, Circuit Judges, and ZAPATA, District Judge.*

## MEMORANDUM **

Petitioner De Ren Yang, a native and citizen of China, petitions for review of the decision of the Board of Immigration Appeals, which summarily affirmed, without opinion, the immigration judge's ("IJ")

* The Honorable Frank R. Zapata, United States District Judge for the District of Arizona, sitting by designation.

denial of his applications for asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. As the parties are familiar with the facts, procedural history, and arguments, we will not recount them here. Because we do not find substantial evidence in the record to support the adverse credibility determination upon which the IJ's decision rested, we grant the petition for review.

The IJ's adverse credibility determination rested on the conclusion that Yang presented one story at the credible fear interview, presented another story in the asylum application, and presented both stories at the hearing before the IJ. At the credible fear interview, Yang made reference to the sterilization threats against himself. In the asylum application, Yang detailed the sterilization threats against his wife, as well as her forced sterilization, but did not mention the threats against himself. Lastly, at the hearing before the IJ, Yang testified regarding instances of mistreatment by Chinese authorities aimed at both himself and his wife. The stories were not contradictory, but the failure to tell the complete story each time apparently led the IJ to conclude that Yang was not credible.

Yang's omission of his wife's mistreatment at the credible fear interview does not support the IJ's adverse credibility determination. Like an airport interview, the credible fear interview does not require the level of detail expected of the petitioner for an asylum claim. The alien is called upon to answer the questions posed to him, which may not elicit everything he has to say. *See, e.g., Singh v. INS*, 292 F.3d 1017, 1021 (9th Cir.2002) ("Requiring evidentiary detail from an air-

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

port interview not only ignores the reality of the interview process, but would, in effect, create an unprecedented preasylum application process."). Rather, the credible fear interview is designed to determine whether a petitioner might be eligible to apply for asylum or withholding of removal. The failure of Yang to disclose information about the treatment of his wife during that interview cannot be construed as substantial evidence to support an adverse credibility finding. Furthermore, when asked by the IJ for explanations as to why he failed to mention his wife and the 1995 incidents at the credible fear interview, Yang responded that he was embarrassed, felt that he only needed to tell authorities about his arrest and did not think to go into detail. These are plausible and reasonable explanations that do not support the IJ's adverse credibility determination. *See Chen v. Ashcroft,* 362 F.3d 611, 620 (9th Cir.2004).

Yang's failure to mention himself in the asylum application is more troubling. He had already described to the INS officer at the credible fear interview the threats aimed at himself, though. The IJ properly noted that the asylum claim could be based on threats of sterilization aimed at either Yang or his wife. Given that Yang can maintain an asylum claim based on the mistreatment of his wife, his failure to include the threat against himself in the asylum application, while not unimportant, does not constitute a significant omission. The fact that all stories were not told at each step of the process does not, alone, undermine Yang's credibility in light of the fact that Yang's claim may be based on either himself or the forced sterilization of his wife.

The hearing before the IJ did not support the adverse credibility determination. Yang never contradicted or changed his testimony during the hearing. Rather, he presented one piece of the story at the credible fear interview, another piece in the asylum application and the full story at the hearing when asked specific questions. That full story is consistent with reports of conditions in China. The factual findings upon which the IJ based his adverse credibility determination were not supported by substantial evidence.

■ When this court reverses the BIA's adverse credibility determination, it must ordinarily remand an asylum case so that the BIA can determine whether the applicant has met the other criteria for eligibility. *See He v. Ashcroft,* 328 F.3d 593, 603–04 (9th Cir.2003) (citing *INS v. Ventura,* 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam)). If credibility is the only issue, however, remand may not be necessary. *See He,* 328 F.3d at 603–04 (holding that applicant was statutorily eligible for asylum based on the forced sterilization of his spouse and remand was thus unnecessary).

"To establish eligibility for asylum, an applicant is required to demonstrate that he or she is a 'refugee' within the meaning of the Immigration and Naturalization Act." *Chen,* 362 F.3d at 616 (citing INA § 101(a)(42)(A), 8 U.S.C. § 1101(a)(42)(A)). Yang satisfies the definition based on his wife's forced sterilization and his resistance to China's coercive population control program. *See* INA § 101(a)(42)(B), 8 U.S.C. § 1101(a)(42)(B). "[U]nder the statute, a person who has been forcibly sterilized is automatically classified as a refugee, and is therefore automatically eligible for asylum." *He,* 328 F.3d at 604. This eligibility extends to spouses of those forcibly sterilized. *Id.* ("[I]f Mr. He's claim that his wife was forcibly sterilized is believed, he is necessarily eligible for asylum."). Yang must therefore be deemed a refugee and eligible for asylum. Because he meets the criteria for asylum eligibility,

the issue on remand is limited to the exercise of discretion. *Ge v. Ashcroft,* 367 F.3d 1121 (9th Cir.2004).

**PETITION GRANTED**

SILVERMAN, Circuit Judge:
dissenting.

SILVERMAN, Circuit Judge.

I respectfully dissent. Yang's asylum application was quite detailed and prepared with the assistance of a lawyer, yet makes no mention of any threat to sterilize him. I would hold that because this omission goes to the heart of his claim, substantial evidence supported the IJ's adverse credibility finding. I would deny the petition.